UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

STEVEN LEE MOY,

        Petitioner,        Case No. 1:18-cv-1425

v.        Honorable Paul L. Maloney

SHERRY L. BURT,

        Respondent.
_____/

**REPORT AND RECOMMENDATION**

      This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). This petition was filed more than eleven years after Petitioner was convicted and sentenced. Acknowledging that significant delay, Petitioner has moved the Court to equitably toll the statute of limitations. (ECF No. 6.) After undertaking the review required by Rule 4, I conclude that Petitioner is not entitled to equitable tolling and, further, that the petition is barred by the one-year statute of limitations.

## Discussion

### I. Factual Allegations

Petitioner Steven Lee Moy is incarcerated with the Michigan Department of Corrections at the Muskegon Correctional Facility (MCF) in Muskegon, Michigan. Following a jury trial in the Ingham County Circuit Court, Petitioner was convicted of first-degree felony murder, MICH. COMP. LAWS § 750.316(1)(b). On March 7, 2007, the court sentenced Petitioner to life imprisonment.

On December 20, 2018, Petitioner filed his habeas corpus petition. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner signed his application on December 20, 2018. (Pet., ECF No. 1, PageID.4.) The petition was received by the Court on December 26, 2018. For purposes of this Report and Recommendation, I have given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir.

2

2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

## II.  Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed the judgment of conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on April 28, 2009. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period did not begin to run, however, until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *see also Pinchon v. Myers*, 615 F.3d 631, 640 (6th Cir. 2010) (" '[D]irect review' under § 2244(d)(1)(A) includes review by the Supreme Court[.]"). The ninety-day period expired on July 27, 2009.

Petitioner had one year from July 27, 2009, to file his habeas application. Petitioner filed his application on December 20, 2018. Obviously, he filed more than one year after the period of limitations began to run. Thus, absent tolling, his application is time-barred.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly

4

filed"). Here, Petitioner filed several such motions.

The Ingham County Circuit Court docket for Petitioner's criminal case discloses that Petitioner filed his initial motion for relief from judgment on November 6, 2009. *See* https://courts.ingham.org/CourtRecordSearch/ (search Steven Moy) (last visited February 26, 2019). The court denied Petitioner's motion by order entered December 8, 2009. *Id*. At the time Petitioner filed his motion for relief from judgment, one hundred and two days had run on his period of limitation. The period was tolled, however, while the motion was pending. Thus, it was tolled at least until December 8, 2009.

A search of the Michigan appellate courts' dockets discloses that Petitioner never appealed that order – or any subsequent order from the Ingham County Circuit. *See* http://courts.michigan.gov/opinions_orders/case_search/pages/default.aspx (search Steven Moy) (last visited February 26, 2019). Where a petitioner has failed to properly pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*.") (emphasis added). Petitioner had one year after December 8, 2009, until December 8, 2010, in which to file a delayed application for leave to appeal in the Michigan Court of Appeals. *See* MICH. CT. R. 7.205.[1] Because

---

[1] Effective September 1, 2011, the time for filing a delayed application for leave to appeal to the Michigan Court of Appeals was decreased from one year to six months. *See* MICH. CT. R. 7.205, Staff Comment to June 2011 Amendments.

Petitioner failed to file a timely appeal to the Michigan Court of Appeals, his conviction became final when his time for seeking review in that court expired. *See Williams v. Birkett*, 670 F.3d 729, 731 (6th Cir. 2012) (holding that a defendant's conviction became final when the time for seeking review under MICH. CT. R. 7.205(F)(3) expired); *see also Gonzalez v. Thaler*, 565 U.S. 134, 152 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time expires for seeking state-court review). Petitioner's period of limitation began to run again after December 8, 2010. It expired in late August 2011.

Petitioner continued to file miscellaneous requests for relief in the Ingham County Circuit Court periodically thereafter. On September 29, 2014, Petitioner filed correspondence complaining that he was not able to get the things he needs while incarcerated and contending that the decision of the court of appeals was clearly erroneous. *See* https://courts.ingham.org/CourtRecordSearch (search Steven Moy) (last visited February 26, 2019). By order issued December 3, 2014, the Ingham County Circuit Court denied Petitioner's requests. *Id*. The court characterized the requests as a motion for relief from judgment.

On April 13, 2015, Petitioner filed a motion for modification of the restitution order. *Id*. The court denied that motion by order entered April 20, 2015. *Id*. Petitioner filed additional requests for relief on June 16, 2016. *Id*. The court denied those requests, characterized by the court as a motion for relief from judgment, by

6

order entered June 20, 2016. *Id.* Finally, on March 19, 2018, and then again on April 12, 2018, Petitioner filed additional motions for relief from judgment. *Id.* The court denied the motions as successive motions by order entered April 30, 2018. *Id.*

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d at 493). Because Petitioner's one-year period expired in 2011, his collateral motions filed in 2014, 2015, 2016, and 2018, did not serve to revive the limitations period.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012). The Sixth Circuit has cautioned lower courts that equitable tolling should be applied "sparingly." *Id.* A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: " '(1) that he has been

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  Petitioner suggests he was simply too ignorant regarding the law and the procedural steps to file a petition to go forward. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling.  *See Allen*, 366 F.3d at 403-04; *see also Mason v. Lindsey*, No. 18-1475, 2018 WL 3587030, at *2 (6th Cir. July 19, 2018) (Petitioner's "illiteracy and ignorance of the limitations period do not warrant tolling."); *Craig v, White*, 227 F. App'x 480, 482 (6th Cir. 2006) ("Petitioner's "entire argument is based on his ignorance of the law, which we have held is not a basis for equitable tolling.").

Here, the issues Petitioner raises are the same issues he raised on direct appeal, with the assistance of counsel, more than a decade ago.  Moreover, almost two years before Petitioner filed his petition, in response to a letter submitted by Petitioner, the Clerk sent Petitioner the form for filing a § 2254 petition.  The substance of Petitioner's habeas petition and the straightforward procedure to raise those claims were available to him.

Petitioner also contends he was hampered in his efforts to timely file his habeas petition by incompetence that followed from his depression and a personality disorder.  In support of his contention, Petitioner attaches to his initial petition some Michigan Department of Corrections mental health assessments from May of 2008, December of 2009, July and August of 2017, and August of 2018.  (ECF No. 1-1,

8

PageID.15-33.) The assessments support Petitioner's position that he suffers, or at least suffered at those times, certain mental health challenges, but the assessments do not support his claim that he was somehow rendered incompetent by those challenges. To the contrary, the assessments indicate that in 2008 and 2009, he suffered no cognitive dysfunction, no thought disorder, and no impairment of intellectual functioning. (*Id.* at PageID.15, 24.) In 2017, the assessments indicate that Petitioner's "thoughts were spontaneous, coherent, relevant and organized." (*Id.* at PageID.27.) In 2018, the assessment indicates that Petitioner was oriented to person, place, time, and situation; that his speech and affect were appropriate; that his memory was intact; that his intellect was average and his reasoning, judgment, and insight were fair; that his thought processes were logical and his thought content was unremarkable; and that his self-perception was realistic. (*Id.* at PageID.31-32.)

In *Watkins v. Deangelo-Kipp*, 854 F.3d 846 (2017), the Sixth Circuit considered a claim seeking equitable tolling similar to Petitioner's. The court explained:

> A petitioner is entitled to equitable tolling only if he establishes " '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." [*Holland*, 560 U.S. at 649] (citation omitted). We have held that a petitioner's mental incompetence can constitute an extraordinary circumstance that tolls the limitations period, but the petitioner bears the burden to establish that "(1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with AEDPA's statute of limitations." *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011). But we must take care to only apply the equitable tolling doctrine "sparingly." *Id.* at 741.

*Watkins*, 854 F.3d at 851. The court then rejected Watkins's claim because he had failed to present evidence of his mental health status during the limitations period,

9

and Watkins's other legal filings belied his claim that his mental status prevented him from timely filing a habeas petition. *Id*. at 851-852.

Petitioner's claim for equitable tolling suffers the same defects that convinced the Sixth Circuit that Watkins was not entitled to equitable tolling. Petitioner offers no evidence of his mental health status during 2010 and 2011 when his period of limitation expired. Moreover, the evidence he provides regarding the periods before and after that, along with his many filings in this Court and the Ingham County Circuit Court, belie any claim that he was so incompetent he could not act to timely file a habeas petition. Accordingly, Petitioner's case does not warrant the protection of the equitable tolling doctrine. His motion seeking that relief (ECF No. 6) is properly denied.

In *McQuiggin v. Perkins*, 569 U.S. 383, 391-393 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that " 'it is more likely than not that no reasonable juror would have convicted [the petitioner].' " *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327 (addressing actual innocence as an exception to procedural default)).

Actual innocence provides an exception to the statute of limitations, rather than a basis for equitable tolling. Accordingly, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399-400.

In the instant case, although Petitioner may baldly claim that he is actually innocent, he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 327-29. Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day v. McDonough,* 547 U.S. 198, 210 (2006). This report and recommendation serves as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### III. Certificate of appealability

Even though I have concluded that Petitioner's habeas petition should be denied, under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (*per curiam*). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

I have concluded that Petitioner's application is untimely and, thus, barred by the statute of limitations. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

I find that reasonable jurists could not find it debatable whether Petitioner's application was timely. Accordingly, I recommend that a certificate of appealability be denied.

## Recommended Disposition

For the foregoing reasons, I recommend that Petitioner's motion for equitable tolling (ECF No. 6) be denied. I further recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied.

Dated:   March 3, 2019            /s/  Phillip J. Green
                                  PHILLIP J. GREEN
                                  United States Magistrate Judge


## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).